UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CINDY OSTRANDER, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF DENNIS
C. OSTRANDER,

**COMPLAINT**

        **Plaintiff,**

1:20 cv 642 (BKS/CFH)

vs.

UNITED STATES OF AMERICA

        **Defendant.**

---

Plaintiff, Cindy Ostrander, Individually and as Administrator of The Estate of Dennis C. Ostrander, by and through her attorneys, The Law Offices of Patrick J. Higgins, PLLC, as and for a complaint against the defendant United States of America ("United States"), alleges that at all times hereinafter mentioned:

1. This is a tort claim against the United States for conscious pain and suffering and the wrongful death of plaintiff's decedent Dennis C. Ostrander.

2. On May 28, 2020 Fulton County Surrogate granted limited letters of administration to plaintiff Cindy Ostrander to bring an action for the conscious pain and suffering and wrongful death of her husband Dennis C. Ostrander. A copy of these letters is attached as Exhibit "A." They remain in full force and effect.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to the Federal Tort Claims Act, ("FTCA") 28 U.S.C. § 1346(b).

4. Venue of this action in this Court is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1402(b).

## EXHAUSTION OF ADMINISTRATIVE CLAIM AND TIMELINESS

5. Plaintiff presented her claims to the United States by properly serving the appropriate federal agency of the United States on October 8, 2019 with her claims, and requesting that the appropriate federal agency of the United States administratively resolve and pay her claims.

6. The appropriate federal agency of the United States for the plaintiff's claim is the Veterans Administration ("VA").

7. The VA acknowledged receipt of the plaintiff's administrative claim by correspondence attached as Exhibit "B."  That letter further provided that plaintiff could commence litigation against the United States if her administrative claim was not paid within six months of the October 8, 2019 presentment of claim.

8. The six months for the VA to pay plaintiff's claim or deny it ended on or about April 5, 2020.

9. The VA has not paid the plaintiff's claim.

10. The VA has therefore finally denied the plaintiff's claim by not paying that claim within six months, as set forth by 28 U.S.C. § 2675(a).

11. Plaintiff as set forth below alleges that the United States through the VA medical facilities and providers in Albany and Fonda, New York is legally responsible for the wrongful death and conscious pain and suffering of her husband, decedent Dennis C. Ostrander, for acts and omissions occurring from on or about May 15, 2018 through the decedent's death on August 20, 2018.

12. Plaintiff's instant action is timely under the FTCA because she is filing it within six months of the denial by the appropriate agency of the United States, and she also filed an administrative claim with the VA within two years of the accrual of the claim.

## STATEMENT OF FACTS ALLEGED

13. Plaintiff Cindy Ostrander married Dennis C. Ostrander in 1976. They remained married for 41 years until his death at issue in this case.

14. Cindy Ostrander and Dennis C. Ostrander lived at 122 Tyrell Road, in Mayfield, Fulton County, New York. They had two children -- Rachael born in 1984 and Seth born in 1991.

15. Dennis C. Ostrander served in the United States Army from 1964 to 1967. He received an honorable discharge and returned home to Mayfield, New York.

16. In July, 1996, Dennis C. Ostrander suffered a severe back injury when a horse he was riding fell and rolled over on him.

17. As a result of the above stated injuries, Dennis C. Ostrander suffered permanent severe, and unrelenting back pain.

18. In July, 1997 the Social Security Administration found Dennis C. Ostrander permanently disabled from the above injuries.

19. From late 1996 or early January 1997 through August 20, 2018, Dennis C. Ostrander was a patient of the VA and its physicians and medical staff at the Samuel Stratton VA Medical Center at 113 Holland Avenue, in Albany, New York (the Albany VA).

20. From on or after 2017 or early 2018, Dennis C. Ostrander was also a patient of the VA Medical Clinic and its physicians and staff at 2623 State Highway Route 30A in Fonda, New York (the Fonda VA).

21. For over 15 years, starting around 2000 to 2003, the Veteran's Administration (VA) physicians and medical staff prescribed morphine to alleviate Dennis C. Ostrander's severe back pain.

22. For over 15 years, the morphine prescribed by the Veteran's Administration medical staff allowed Dennis C. Ostrander to function as a father, husband, and citizen of his community.

23. For over 15 years, Dennis C. Ostrander still was able to, and did perform household duties and services, with limitations, with the assistance of morphine pain medication prescribed by the VA.

24. In the summer of 2018, the VA cut off Dennis C. Ostrander from morphine, after prescribing and providing it to him for over 15 years.

25. After the final prescription of morphine was used up by Dennis C. Ostrander in the summer of 2018, he was left without any effective prescribed form of pain relief for the first time in over 15 years.

26. By August, 2018, Dennis C. Ostrander was unable to manage or control his permanent, severe and unrelenting back pain.

27. On Friday, August 10, 2018, Dennis C. Ostrander presented to the VA Albany, New York hospital emergency room with Cindy Ostrander. He was in 9 out of 10 back pain, anxious, and asking for morphine to help him.

28. On Friday, August 10, 2018 the Albany, New York VA medical staff and providers turned away Dennis C. Ostrander without admitting him to assist with his pain or need for Morphine, or to otherwise help him.

29. On Friday August 10, 2018 the Albany New York VA medical staff and providers prescribed Flexeril, a muscle relaxer.

30. Flexeril was contraindicated with Elavil, which the VA had prescribed on a long standing basis to Dennis C. Ostrander.

31. Over the weekend of August 11-12, 2018 Dennis C. Ostrander took 10 pills of Flexeril during a 24 hour period to attempt to stop the severe pain that he could not manage or control.

32. On Monday, August 13, 2018, Cindy Ostrander found Dennis C. Ostrander with a gun in his bed, stating that he could not take the pain anymore, he was thinking of suicide, and with an altered mental status.

33. As of result of Dennis C. Ostrander's condition, on August 13, 2018 Cindy Ostrander brought Dennis C. Ostrander back to the Albany New York VA hospital for medical treatment.

34. The Albany VA medical providers admitted Dennis C. Ostrander to the Albany New York VA hospital, on August 13, 2018.

35. Shortly after admission, Dennis C. Ostrander was diagnosed with a hypoxic brain injury from VA prescribed medications.

36. He died on August 20, 2018 at the VA hospital in Albany, New York from such injury.

37. Dennis C. Ostrander was unable to control or manage his severe pain without morphine or appropriate medical management, and as a result took the Flexeril medication prescribed by the VA during a 24 hour period in a desperate attempt to stop pain that he could not endure.

38. The VA was and is engaged as an authorized agency of the United States in operating primary care medical outpatient treatment centers, pain clinics, emergency room and hospital medical facilities, at among other locations in Albany, New York, and a primary care medical outpatient facility in Fonda, New York.

39. The VA through its agents, servants, employees, and/or designees, would examine, diagnose, treat, and provide health care to patients treating at and admitted to its facilities.

40. Upon information and belief, in the furtherance of its operating primary care, pain clinics, emergency rooms, and hospitals, the VA would hire and otherwise assign various medical personnel, including doctors, nurses, and medical technicians to perform services for patients admitted at such facilities.

41. Upon information and belief, the VA held itself out to the United States Armed Services veterans, their families, and the public in Upstate New York, and throughout the Unites States, as a provider of competent and skilled medical care facilities for the purpose of providing and rendering medical care and treatment to veterans of the United States Armed Forces.

42. From on or late 1996 or 1997 through August 20, 2018, Dennis C. Ostrander received medical care, treatment, examinations, diagnostic testing and procedures, other medical procedures and/or care, including hospital and nursing care, in a

7

continuing course of treatment, from VA and its agents, servants, employees, associates, contractors, subcontractors and/or other designees.

## AS AND FOR A FIRST CAUSE OF ACTION

43. Plaintiff repeats and realleges those allegations of this complaint marked and designated "1" through "42" with the same force and effect as if more fully set forth here and further alleges:

44. The VA individually and jointly and severally through its agents, servants, employees, and/or other designees, carelessly and negligently rendered medical, hospital and nursing care and treatment to decedent Dennis C. Ostrander.

45. The foregoing acts and omissions occurred while the employees and other actors set forth above were acting within the scope of their employment with the VA and or their office with the VA.

46. Under the circumstances, where the United States and the VA a private person, they would be liable to the plaintiff in accord with the laws of New York.

47. By reason of the above, decedent Dennis C. Ostrander was caused to sustain severe personal injuries, including pain and suffering, and the damages resulting therefrom.

48. By reason of the foregoing, plaintiff Cindy Ostrander as administrator of the Estate of Dennis C. Ostrander suffered damages in the sum of $3,500,000.00.

## PLAINTIFF'S SECOND CAUSE OF ACTION

49. Plaintiff repeats and realleges those allegations of this complaint marked and designated "1" through "48" with the same force and effect as if more fully set forth here and further alleges:

50. Due to the negligence and wrongdoing by the VA as set forth above, decedent Dennis C. Ostrander died a wrongful death on August 20, 2018.

51. By reason of the foregoing, plaintiff and the distributees of the decedent Dennis C. Ostrander sustained pecuniary losses and were damaged in a sum of money having a present value of $1,750,000.00.

52. These losses included loss of pension income from Dennis C. Ostrander exceeding $315,000 over his remaining life, funeral and burial expenses, loss of intellectual and moral guidance, and financial support to his adult children Rachael and Seth, and to his wife Cindy, loss of household services, and payment for medical expenses occurring because of the malpractice of the VA.

**WHEREFORE**, the plaintiff demands judgment against the defendant United States of America:

(a) On the first cause of action, for the conscious pain and suffering of decedent Dennis C. Ostrander, money damages in the amount of $3,500,000.00;

(b) On the second cause of action, for the wrongful death of decedent Dennis C. Ostrander, money damages in the amount of $1,750,000.00;

9

(c) Together with the costs and disbursements of this action,

(d) and such other and further relief as the Court deems appropriate.

Dated: June 4, 2020

                                                                                                       _____
Patrick J. Higgins (Bar Roll Number 101975)
The Law Offices of Patrick J. Higgins, PLLC
*Attorney for Plaintiff(s)*
21 Everett Road Extension, Suite A-4
Albany, NY 12205
(518) 489-1098
pjh@phigginslaw.com

# EXHIBIT A

At a Surrogate's Court of the State of New York held in and for the County of Fulton at Johnstown, New York.

PRESENT: Hon. Polly A Hoye, Surrogate

| | |
|---|---|
| Administration Proceeding, Estate of<br>Dennis C Ostrander<br><br>Deceased. | **DECREE GRANTING<br>ADMINISTRATION<br>WITH LIMITATIONS**<br>File No. 2020-48 |

A verified petition having been filed by Cindy Ostrander praying that administration of the goods, chattels and credits of the above-named decedent be granted to Cindy Ostrander and all persons named in such petition, required to be cited, having been cited to show cause why such relief should not be granted, have either failed to appear in response to a served citation or having waived the issuance of such citation and consented thereto; and it appearing that Cindy Ostrander is in all respects competent to act as administrator of the estate of said deceased; now it is

ORDERED AND DECREED, that Letters of Administration issue to Cindy Ostrander upon proper qualification and the filing of a bond be and hereby is dispensed with; and it is further

ORDERED AND DECREED, that the authority of such administrator be restricted in accordance with, and that the letters herein issued contain, the limitation(s) as follows:

Limitations/Restrictions:   Pursuant to SCPA 702, and Uniform Rules for Surrogate's Court 207.38, no final compromise of any wrongful death or related action(s) or proceeding(s) shall be made, nor any attorney's fees taken relating to the wrongful death action, without prior application to the surrogate for leave to compromise said action(s) or proceeding(s) and obtaining an order from the surrogate approving said compromise and distribution of proceeds, if any.

DATED:  May 28, 2020

_____
Polly A Hoye
Surrogate

**On the Date Written Below LETTERS are Granted by the Surrogate's Court, State of New York as follows:**

File #: 2020-48

Name of Decedent: **Dennis C Ostrander**

Date of Death: **August 20, 2018**

Domicile of Decedent: **Mayfield, NY, County of Fultoin**

Fiduciary Appointed:
Mailing Address

**Cindy Ostrander**
122 Tyrrell Road
Mayfield NY  12117

Letters Issued: **LETTERS OF ADMINISTRATION WITH LIMITATIONS**

Limitations:       **Pursuant to SCPA 702, and Uniform Rules for Surrogate's Court 207.38, no final compromise of any wrongful death or related action(s) or proceeding(s) shall be made, nor any attorney's fees taken relating to the wrongful death action, without prior application to the surrogate for leave to compromise said action(s) or proceeding(s) and obtaining an order from the surrogate approving said compromise and distribution of proceeds, if any.**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

**Dated:  May 28, 2020**

IN TESTIMONY WHEREOF,  the seal of the Fulton County Surrogate's Court has been affixed.

WITNESS, Hon Polly A Hoye, Judge of the Fulton County Surrogate's Court.

_____
Donna R. Austin, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Fulton County Surrogate's Court*

**Attorney:**
**Stephen G. Levy**
21 Everett Road Ext.
Albany NY  12205

# EXHIBIT B



**U.S. Department of Veterans Affairs**
**Office of General Counsel**

Torts Law Group (646/02-A)
1010 Delafield Road
Pittsburgh, PA 15215

Email: sara.aull@va.gov

In Reply Refer To: GCL 448124

November 13, 2019

Patrick Higgins, Esq.
21 Everett Road Extension
Albany, NY 12205

**RECEIVED** 11/19/19

RE: Administrative Tort Claim: Estate of Dennis Ostrander

Dear Mr. Higgins:

The U.S. Department of Veterans Affairs (VA) received your tort claim on October 8, 2019.

VA has six months from the date your claim was received to consider a claim before you may file suit in federal district court pursuant to the Federal Tort Claims Act (FTCA), sections 1346(b), 2401(b), and 2671-2680, title 28, United States Code.

If you have not been contacted after six (6) months from the date your claim was received, you may contact Attorney Sara Aull at sara.aull@va.gov.

A combination of federal and state laws governs FTCA claims; some state laws may limit or bar a claim or lawsuit. VA staff handling FTCA claims work for the Federal Government and cannot provide legal advice on state or federal law filing requirements.

Sincerely,

Sonya Barganier
Paralegal Specialist

## VERIFICATION

STATE OF NEW YORK   )
                    ) S.S.:
COUNTY OF ALBANY    )

Patrick J. Higgins, being duly sworn, deposes and says that: deponent is one of the attorneys for the plaintiffs in the within action; that deponent has read the foregoing verified complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. The basis of all matters alleged upon information and belief are records and reports contained in deponent's file. This verification is made by deponent rather than the plaintiffs because the plaintiffs do not reside within the county in which deponent has his office.

_____
Patrick J. Higgins

Sworn to before me on June 4, 2020

_____
Notary Public
State of New York

STEPHEN G. LEVY
Notary Public, State of New York
No. 5026989
Qualified in Albany County
Commission Expires April 25, 20 22

11